IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GLENN, | : | CIVIL NO. 1:CV-05-1934 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JOSEPH MATALONI, et al., | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

Plaintiff Tyrone Glenn, an inmate at the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania, filed this action on September 26, 2005, pursuant to 42 U.S.C. § 1983. (Doc. 1). The Prison Litigation Reform Act of 1995, (the "Act"), obligates the court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, as is the case here. (Doc. 5). Specifically, §1915(e)(2), which was created by § 805(a)(5) of the Act provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The complaint has been screened in accordance with the above, and, for the following reasons, the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I.  Factual Background.

_____Named as defendants are Joseph Mataloni, Health Care Administrator, Dr. Renato Diaz, and Physician's Assistant Larisa Yarczower.  Glenn alleges that these defendants were deliberately indifferent to his medical condition and that he has suffered pain and mental anguish as a result of

their conduct.

Glenn alleges that he reported to sick call on August 2, 2004, to report that he was suffering from a "parasitic worm-like creature squirming around inside [his] anal cavity that had mandibles." (Doc. 1, p. 2). Defendants Yarczower and Diaz concluded that Glenn had hemorrhoids. Over the course of the next few days, he was prescribed a laxative, prescribed creams, was directed to give a stool sample and had blood work done. On August 7, 2004, Glenn was informed that the tests did not show any sign of a parasite.

Because Glenn was convinced that he had a parasite living in his anal cavity, he filed a grievance. His grievance was denied at every administrative level. While pursuing his administrative remedies, he continued to seek medical treatment so as to obtain "the proper diagnosis and treatment." He was assured by Defendant Mataloni that the "logical steps" would be taken to discern the source of his pain and discomfort. (Doc. 1, p. 5).

Out of concern for Glenn, Glenn's brother-in-law, Mr. Green, contacted the Department of Corrections and spoke with the Assistant Medical Director, Dr. Scharff. Dr. Scharff reviewed Glenn's medical file and on June 9, 2005, wrote to Glenn explaining the following:

> I understood Mr. Green to say you were experiencing persistent anal pain over a prolonged period; such pain can be the result of an anal fissure (a sort of tear), and I wished to be sure the anus had been examined. Anal fissure does not cause the sort of sensation you are describing. It can be caused by pinworm, an intestinal parasite which lives in the colon but migrates to the anus to lay eggs, particularly at night. Hemorrhoids can also cause sensations like those you have described. The diagnosis of hemorrhoids can be made on inspection, but the diagnosis of pinworm usually requires that the anal area be blotted with cellophane tape to pick up the eggs, which can then be seen under a microscope. Other parasites are diagnosed by microscopic examination of the stool. Colonoscopy is not used for diagnosing intestinal parasites. The cellophane tape examination was done in August and was negative. There have also been several negative stool examinations for ova and parasites. It is thus unlikely that your symptom is caused by an intestinal worm or parasite.

Doc. 1, Exhibit J). Glenn contends that he is being deprived of proper medical care and that his "condition requires significant and continuous medication and causes excruciating pain every time the parasite repositions itself." (Doc. 1, p. 6). He states that "defendants prevented [him] from receiving adequate medical diagnosis and treatment and denied access to a physician capable of evaluating plaintiff's needs." (Id.)

II. Standard of Review.

In considering the complaint under this provision, the Court is guided by Federal Rule of Civil Procedure 12(b)(6) which allows for dismissal of a claim or claims for "failure to state a claim upon which relief can be granted. . . ." In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint will not be dismissed for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). A complaint that sets out facts which affirmatively demonstrate that the Plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

"In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court, however, need not accept "bald assertions" or "legal conclusions." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).

III. Discussion.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 827 (1994) citing Helling v. McKinney, 509 U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle, 429 U.S. 97. An inadequate medical care claim, as is presented here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. Estelle, 429 U.S. at 104; Unterberg v. Correctional Medical Systems, Inc., 799 F. Supp. 490, 494-95 (E.D. Pa. 1992). The official must know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "The question . . . is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" Farmer, 511 U.S. at 843. This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" Little v. Lycoming County, 912 F.Supp. 809, 815 (M.D. Pa) aff'd, 103 F.3d 691 (1996) citing Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754,762 (3d Cir. 1979), quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977).

Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . " Estelle, 429 U.S. at 106. More than a decade ago, the Third Circuit ruled that "while the distinction between deliberate indifference and malpractice can be subtle, it is

well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Estelle, 429 U.S. at 107.

Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. Nottingham v. Peoria, 709 F.Supp.542, 547 (M.D.Pa. 1988). Disagreement among individuals as to the proper medical treatment does not support an Eighth Amendment claim. Monmouth County Correctional Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987). Only flagrantly egregious acts or omissions can violate the standard. Mere medical malpractice cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. White v. Napoleon, 897 F.2d 103, 108- 10 (3d Cir. 1990).

Throughout the time period in question, Glenn was seen by physician's assistants and examined by a physician and other medical personnel on numerous occasions. Blood work was done on more than one occasion, stool samples were elicited and examined, and the cellophane tape test was performed. In addition, Glenn was prescribed medication and creams in an effort to make him more comfortable. He is convinced that he is suffering from a condition involving a parasitic worm. None of the tests performed indicate that this is Glenn's problem  Despite all of the medical intervention, defendants have not been able to resolve Glenn's condition to his satisfaction. This is clearly a case where the Plaintiff has been given significant medical attention and is simply dissatisfied with the results. Consequently, Glenn's complaint is subject to dismissal pursuant to 28 U.S.C.§1915(e)(2)(B)(ii) as he fails to state a claim upon which relief can be granted.

IV.  Order.

**AND NOW**, this 28th day of November 2005, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 5) is **GRANTED**.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to **CLOSE** this case.

4. Any appeal from this order will be deemed frivolous, lacking in probable cause, and not taken in good faith.

        __s/ Yvette Kane____
        Yvette Kane
        United States District Judge