## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE GLENN,** | : | **CIVIL NO. 1:CV-05-1934** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **JOSEPH MATALONI, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM

Tyrone Glenn ("Glenn"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 26, 2005. (Doc. 1). By Order dated November 28, 2005, the action was dismissed. (Doc. 8). Presently pending is Glenn's "Objection to court's report and recommendation" which is construed as a motion for reconsideration pursuant to FED.R.CIV.P. 59(e). (Doc. 9). For the reasons set forth below, the motion will be denied.

A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988) (citation omitted); see also Ortho Pharm. Corp. v. Amgen, Inc., 887 F.2d 460, 463 (3d Cir.1989). "A proper motion to alter or amend judgment 'must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'" North River Ins. Co. v. Cigna Reinsurance Co., 52 F.2d 1194, 1218 (3d Cir. 1995) (citations omitted); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985). It is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D.Pa. 1992).

The Court has reviewed Glenn's motion, and it is clear that he fails to set forth any of the three grounds that would warrant reconsideration. Rather, he simply sets forth the reasons why he

disagrees with the Court's decision. The motion will therefore be denied.

**AND NOW**, this 13th day of July 2006, it is hereby **ORDERED** that Glenn's motion for reconsideration pursuant to FED.R.CIV.P. 59(e) (Doc. 9) is **DENIED**.

    S/ Yvette Kane
Yvette Kane
United States District Judge